IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROGER A. SPEER,

    Plaintiff,

v.                                              Civil Action No. 5:06CV41
                                                            (STAMP)

MOUNTAINEER GAS COMPANY,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS
AND DENYING AS MOOT PLAINTIFF'S MOTION FOR
EXTENSION OF TIME TO COMPLETE DISCOVERY**

I.  Procedural History

The plaintiff, Roger A. Speer ("Speer"), initiated this action against the defendant, Mountaineer Gas Company ("Mountaineer Gas") by filing a complaint in the Circuit Court of Brooke County, West Virginia. Speer alleges that Mountaineer Gas wrongfully denied him long-term disability benefits to which he was entitled, wrongfully terminated his employment, and discriminated against him on the basis of his age. Because Speer's claims invoke federal law, Mountaineer Gas removed the case to this Court.

Thereafter, Mountaineer Gas filed a motion to dismiss, to which Speer responded, and Mountaineer Gas replied. Speer then filed a motion to extend the discovery deadline established by this Court's scheduling order. Mountaineer Gas responded in opposition to Speer's request for an extension of discovery. This Court found that a stay of proceedings pending resolution of the motion to

dismiss would be appropriate in this action, and, accordingly, entered an order staying the case pending such ruling.

After reviewing the parties' pleadings and the applicable law, this Court finds that the motion to dismiss by Mountaineer Gas must be granted. This Court finds, further, that Speer's motion for an extension of time to complete discovery must be denied as moot.

## II. Facts

On August 21, 2001, Speer, an M&R service technician for Mountaineer Gas, suffered an injury at work. After exhausting his short-term disability benefits, Speer, on July 29, 2002, began receiving long-term disability ("LTD") benefits, as provided under a collective bargaining agreement between Mountaineer Gas and the Utility Workers Union of America, Local Union No. 496 ("the Union"). The LTD plan administrator terminated those benefits on April 30, 2003, after determining that Speer was able to resume employment and, therefore, no longer eligible for LTD benefits. Speer appealed the plan administrator's decision. On April 4, 2004, the plan administrator granted Speer's appeal and extended his LTD coverage for a pre-determined two-year period, with a start date of July 29, 2002.

In accordance with the provisions of the collective bargaining agreement, Speer filed a grievance, arguing that his LTD benefits were prematurely terminated because the terms of the 1997 collective bargaining agreement entitled him to continue receiving

2

LTD benefits until he reached the age of 65 or until recovery, whichever occurred first. Speer's grievance proceeded to arbitration. The Union represented Speer at the arbitration proceedings. The arbitrator determined that contrary to Speer's position, the 2002 collective bargaining agreement, not the 1997 agreement, was applicable to his case. Based upon the terms of the 2002 agreement, the arbitrator concluded that Speer was not entitled to additional LTD benefits.

Speer then brought this suit. In his complaint, Speer alleges that the arbitrator's award is invalid and not binding because it is based upon the wrong collective bargaining agreement. Speer asserts three causes of action. In Count I, Speer alleges a cause of action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., claiming that he has been wrongfully denied LTD benefits that were part of an "employee welfare benefit plan" as defined under ERISA. Count II alleges that Speer was wrongfully discharged in retaliation for his activities as Union President from December 1999 to December 2001. Count III is an age discrimination claim which asserts that Speer was wrongfully discharged and his LTD benefits terminated because of his age.

In its motion to dismiss, Mountaineer Gas argues that Speer's complaint must be dismissed for failure to state a claim upon which relief can be granted. According to Mountaineer Gas, Counts I, II,

3

and III are all time-barred. Mountaineer Gas also argues that Count II is preempted from judicial review by the *Garmon* doctrine.[1] Finally, Mountaineer Gas contends that Count III must be dismissed for failure to exhaust administrative remedies.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under this Rule, a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion

---

[1] See San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 242-45 (1959) (exclusive jurisdiction rests with the National Labor Relations Board for any disputes that are arguably subject to § 7 or § 8 of the National Labor Relations Act).

4

also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the facts as alleged in the complaint clearly demonstrate that the plaintiff does not state a claim and is not entitled to relief under the law. 5A Wright & Miller, supra § 1357, at 344-45.

## IV. Discussion

A. Count I - Wrongful Denial of Long-Term Disability Benefits

In Count I, Speer alleges that Mountaineer Gas prematurely and wrongfully terminated his LTD benefits. According to Speer, the arbitration decision in favor of Mountaineer Gas is invalid and unenforceable because it is based upon the 2002 collective bargaining agreement rather than the 1997 collective bargaining agreement, the latter of which Speer claims controls the dispute in

this action. Speer claims that under the terms of the 1997 collective bargaining, he was eligible to receive LTD benefits until age 65 or recovery, whichever occurs earlier. He claims that Mountaineer Gas denied him LTD benefits after July 29, 2004, even though he had not reached the age of 65 or recovered from his injury. This denial, he argues, violates ERISA.[2]

Mountaineer Gas contends that Speer has improperly characterized Count I as an ERISA cause of action. According to Mountaineer Gas, Speer is effectively seeking to vacate the arbitrator's decision. However, Mountaineer Gas argues that such a remedy is time-barred because the three-month statute of limitations for moving to vacate an unfavorable arbitration decision under the Federal Arbitration Act ("FAA") has passed. As alternative grounds for dismissing Count I, Mountaineer Gas also argues (1) that § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, et seq., preempts any state law claim that requires interpretation of the collective bargaining agreement,[3] and (2) that Speer has failed to allege the jurisdictional prerequisites to maintain a § 301 claim. Each of these grounds for dismissal will be addressed in turn.

---

[2]Although Speer does not identify the specific provision or provisions of ERISA that Mountain Gas is alleged to have violated, his allegations appear to state a claim under § 502(a)(1)(B).

[3]It is unclear why Mountaineer Gas raises this argument. Speer's Count I states only a federal cause of action, namely an ERISA violation, and does not allege any state law claims.

6

1.  <u>Statute of Limitations</u>

Because Speer's claim for wrongful denial of benefits under ERISA is independent of the grievance process, this Court concludes that the three-month statute of limitations under the FAA is inapplicable to this action, although the effect of an outcome favorable to Speer in this action would be to nullify the arbitration decision. See <u>Smart v. Ellis Trucking Co.</u>, 580 F.2d 215, 219 (6th Cir. 1978)(citing <u>Hines v. Anchor Motor Freight</u>, 424 U.S. 554, 554 (1976)). Rather, the analogous state law statute of limitations applies.[4] See <u>White v. Sun Life Assur. Co. of Canada</u>, 488 F.3d 240, 245 (4th Cir. 2007) (analogous state statute of limitations applies to private ERISA cause of action for benefits). Here, because the right to LTD benefits to which Speer asserts he is entitled arises out of a written contract (the collective bargaining agreement), West Virginia's ten-year statute of limitations for bringing an action upon a written contract appears to be the applicable statute of limitations. See <u>Hanshaw v. City of Huntington</u>, 456 S.E.2d 445, 4501-51 (W. Va. 1995) (collective

---

[4]To the extent that Speer's claim for wrongful denial of LTD benefits is construed as a cause of action arising under § 301 of the LMRA, as Mountaineer Gas urges, Count I would be time-barred by the six-month statute of limitations applicable to suits for violations of collective bargaining agreements. See <u>DelCostello v. Int'l. Bhd. of Teamsters</u>, 463 U.S. 151 (1983). However, as discussed below, this Court does not believe that Count I constitutes a § 301 claim under LMRA, but rather is solely the ERISA cause of action that Speer asserts it to be.

bargaining agreement constitutes written contract for purposes of statute of limitations in an ERISA action for benefits).

In this action, Speer alleges that the actions of which he complains occurred on or before September 2003. He filed his complaint on March 7, 2006, well within the ten year statute of limitations for bringing an action upon a written contract under West Virginia law. Therefore, Count I is not time-barred.

2. <u>Labor Management Relations Act § 301 Claim</u>

Mountaineer Gas argues that Count I of Speer's complaint is properly construed as a breach of contract claim arising under section 301(a) of the Labor Management Relations Act ("LMRA"). According to Mountaineer Gas, § 301 preempts Speer's claim for wrongful denial of benefits. Mountaineer Gas also contends that Speer has failed to allege the required elements of a § 301 claim and that, therefore, Count I must be dismissed. These contentions lack merit.

Section 301 of the LMRA authorizes federal courts to hear suits for violations of contracts between an employer and a labor union. <u>See</u> 29 U.S.C. § 185(a). A union member employee may, individually, maintain an action under § 301 if he can show (1) that the employer violated the collective bargaining agreement, and (2) that the union's representation was unfair. <u>See</u> <u>DelCostello v. Int'l. Bhd. of Teamsters</u>, 462 U.S. 151, 163-65 (1983). Section 301 preempts state actions regarding labor contract disputes. <u>See</u>

Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985). Specifically, "an application of state law is pre-empted by § 301 of the Labor Management Relations Act . . . only if such application requires the interpretation of a collective-bargaining agreement." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988). However, the LMRA does not preempt state law rights and obligations which exist independently of collective bargaining agreements. See Allis-Chalmers, 471 U.S. at 213.

Mountaineer Gas urges this Court to adopt the view that Speer's claim for wrongful termination of benefits is preempted by § 301 because the allegations cannot be answered without resort to, and interpretation of, the collective bargaining agreement. However, Speer asserts an independent federal claim under ERISA, not a state law claim. Where a claim for the denial of benefits arises from an ERISA plan established by a collective bargaining agreement, such claim may be brought under ERISA, the LMRA, or both statutes. See Biros v. Spalding-Evenflo Co., 934 F.2d 740, 742 (6th Cir. 1991). Here, Speer has elected to assert his claim solely under ERISA. He was not obligated to state his claim as a § 301 cause of action, and this Court has no basis for construing it as such.

3. <u>Employee Retirement Income Security Act Claim</u>

Having determined that Speer has properly pled his claim as an ERISA cause of action and that the statute of limitations on his

9

claim has not run, this Court now turns to the merits of Count I. Although Speer has not identified any specific ERISA provision or provisions as the bases for his claim, this Court believes that Count I states an action under § 502(a)(1)(B), which provides for civil actions by a plan participant or beneficiary "to recover benefits due to him under the terms of his plan,[or] to enforce his rights under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B).

The threshold question in Speer's ERISA cause of action is what effect, if any, the arbitration decision has on Speer's claim for wrongful denial of benefits under ERISA. According to Speer, the arbitration decision upholding the denial of LTD benefits is invalid and unenforceable because the arbitrator applied the incorrect collective bargaining agreement. He argues that because the arbitration award was not based upon a valid contract, the award has no effect on his ERISA claim for wrongful denial of benefits. This Court disagrees.

In an ERISA action for denial of benefits, where the rights asserted are created by a collective bargaining agreement which requires arbitration of disputes, and where no procedural deviation in the arbitration process is alleged, the arbitration decision is to be accorded the same weight as it would receive in an action under § 301 of the LMRA. See Delaney v. Union Carbide Corp., 749 F.2d 17, 18 (8th Cir. 1984). In such cases, an arbitration

decision is binding if it draws its essence from the collective bargaining agreement. See, e.g., United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960)

Here, in its motion to dismiss, Mountaineer Gas claims that the LTD benefits plan was incorporated in the collective bargaining agreement, which agreement also included a binding arbitration clause. Speer does not dispute this contention. Thus, because the LTD plan was made available to Speer by virtue of the collective bargaining agreement, the rights that Speer seeks to enforce are wholly created by the collective bargaining agreement--the very same contract binding him to arbitration. Accordingly, if the arbitration decision draws its essence from the collective bargaining agreement, the arbitrator's decision must be upheld. "A court does not 'sit to hear claims of factual or legal error by an arbitrator,' and must defer to the arbitrator 'as long as the arbitrator is even arguably construing or applying the contract.'" Champion Int'l. Corp. v. United Paperworkers Int'l. Union, 168 F.3d 725, 728 (4th Cir. 1999) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)). The courts' role is to determine "only whether the arbitrator did his job -- not whether he did it well, correctly, or reasonably, but simply whether he did it." Mountaineer Gas Co. v. Oil, Chemical & Atomic Workers Int'l Union, 76 F.3d 606, 608 (4th Cir. 1996) (citing Remmey v. PaineWebber, Inc., 32 F.3d 143, 146 (4th Cir. 1994)). However,

"[A] court must vacate an arbitrator's award if it violates clearly established public policy, fails to draw its essence from the collective bargaining agreement, or reflects merely the arbitrator's personal notions of right and wrong." Champion, 168 F.3d at 729.

In this action, the parties disputed at arbitration which collective bargaining agreement applies to Speer's case. Speer contended--and continues to contend--that he was entitled to LTD benefits under the 1997 collective bargaining agreement. Mountaineer Gas argued that the 2002 collective bargaining agreement was the applicable contract. The arbitrator agreed with Mountaineer Gas. Interpreting the 2002 contract, the arbitrator concluded that Speer was not entitled to additional LTD benefits. Speer's ERISA claim for denial of benefits does not allege that the arbitrator's decision clearly violates established public policy or simply reflects the arbitrator's personal notions of right and wrong, nor does it allege that the arbitrator's decision fails to draw its essence from the collective bargaining agreement. To the extent Speer's contention may be construed as arguing that the arbitrator's decision does not draw its essence from the contract because the arbitrator applied the wrong collective bargaining agreement, his argument fails. Essentially, this argument alleges that the arbitrator committed legal error in applying the 2002 collective bargaining agreement instead of the 1997 collective

12

bargaining agreement. Asserted legal error is precisely the kind of issue which, once decided by an arbitrator, is not subject to judicial review. See Champion Intern. Corp., 168 F.3d at 728. Therefore, this Court finds that the arbitrator's decision is valid and binding. Accordingly, Speer's ERISA claim for denial of benefits must be dismissed.

B. <u>Count II - Wrongful Discharge in Retaliation for Union Activities</u>

In Count II, Speer alleges that he was wrongfully discharged from his employment in retaliation for undertaking activities on behalf of the Union in his capacity as Union President, which office he held from December 1999 to December 2001. Mountaineer Gas argues that Count II must be dismissed because jurisdiction over such claims is vested exclusively in the National Labor Relations Board. Mountaineer Gas is correct.

Section 7 and Section 8 of the National Labor Relations Act ("NLRA") preempt state law tort claims that involve labor activities governed by those sections. See 29 U.S.C. §§ 157-158. When a plaintiff's claim involves an activity that is arguably subject to § 7 or § 8 of the NLRA, both the states and the federal courts "must defer to the exclusive competence of the National Labor Relations Board . . . ." San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236 (1959). Section 7 of the NLRA give employees the right to "form, join, or assist labor organizations" and to

13

"bargain collectively" with their employers. 29 U.S.C. § 157. Section 8 prohibits certain "unfair labor practices" that interfere with that right. Specifically, as relevant to this action, an employer is prohibited from "discharg[ing] or otherwise discriminat[ing] against an employee because he has filed charges or given testimony under this Act." 29 U.S.C. § 158(a)(4).

Here, Speer alleges that Mountaineer Gas discharged him because he filed numerous grievances in his capacity as Union President and was zealous in efforts to address violations of the collective bargaining agreement. Speer's claim of wrongful discharge clearly falls within the scope of § 8 of the NLRA because the alleged wrongful conduct--Speer's termination--was allegedly taken to retaliate against him for filing grievances and otherwise addressing violations of the collective bargaining agreement. Accordingly, this Court must yield jurisdiction over Count II to the National Labor Relations Board. Because this Court lacks jurisdiction to adjudicate Speer's wrongful discharge claim, Count II must be dismissed.

C. <u>Count III - Age Discrimination</u>

Speer's final claim, set forth in Count III of his complaint, is for age discrimination, in violation of 29 U.S.C. § 621 <u>et seq.</u> ("ADEA").[5] Mountaineer Gas contends that this claim must fail for

---

[5]Speer's complaint alleges that he is a protected person under an unspecified title and section of the United States Code on the basis of his age and that Mountaineer Gas' conduct is

14

two reasons. First, Mountaineer Gas argues that Speer has failed to exhaust his administrative remedies as required under the ADEA before bringing suit. Second, Mountaineer Gas claims that Speer has failed to file suit within the statutory limit prescribed by § 626(d) of the ADEA.

In response, Speer argues that the statute of limitations has not run because, although he is not permitted to work, he has not been formally discharged. Therefore, according to Speer, the violation is a continuing violation, and the statute of limitations cannot begin to run until such discharge occurs. Speer does not address Mountaineer Gas' argument that he failed to pursue his administrative remedies before filing suit.

The ADEA prohibits the filing of a civil suit alleging age discrimination under its statutory provisions "until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Opportunity Commission." 29 U.S.C. § 626(d). Speer neither alleges in his complaint that he has complied with this administrative requirement, nor does he so state in his response to Mountaineer Gas' motion to dismiss. Because Speer has failed to meet this administrative predicate to filing suit, this Court lacks

---

discriminatory as defined by the United States Code. Although Speer has not stated which provision or provisions of the United States Code give rise to his claims, this Court construes Count III as stating a claim under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq.

15

jurisdiction to consider his claim of age discrimination, and Count III must be dismissed.

Although Count III will be dismissed for failure to file a discrimination charge with the EEOC before bringing suit, this Court must also address the question of whether Speer's age discrimination claim is time-barred to determine whether it will be dismissed with or without prejudice. As relevant to this action, § 626(d) requires an unlawful age discrimination charge to be filed with the EEOC "within 300 days after the alleged *unlawful practice* occurred." 29 U.S.C. § 626(d)(emphasis added). The statute of limitations begins on the date when the alleged unlawful practice occurred. See 29 U.S.C. § 626(d); Hamilton v. 1st Source Bank, 928 F.2d 86, 88 (4th Cir. 1990) (observing that the time period for bringing ADEA claims "commences with the occurrence of the alleged unlawful practice"). Under Fourth Circuit law, the clock begins to run from the occurrence of the violation, not its discovery. See Hamilton, 928 at 97-90. Failure to comply with the time limits set forth in § 626(d) will result in dismissal of the action. See Lawson v. Burlington Indus., Inc., 683 F.2d 862 (4th Cir. 1982).

Speer argues that the statute of limitations has not begun to run because he has not been formally discharged. Speer's contention that he is unable to file an EEOC complaint until he is formally discharged from his employment interprets the term "unlawful practice" too narrowly. This Court believes that to the

extent the decisions to deny Speer LTD benefits and to refuse to return him to work were impermissibly based upon his age, such actions constitute unlawful practices for purposes of an ADEA claim. Therefore, Speer need not wait until his employment is formally terminated to file an age discrimination charge with the EEOC.

Speer also argues that the unlawful practice of failing to return him to his M&R position falls within the "continuing violation" doctrine, thereby enabling him to pursue claims that may otherwise fall outside the limitation period. Under the "continuing violation" doctrine, "[i]f one act in a continuous history of discriminatory conduct falls within the charge filing period, then acts that are plausibly or sufficiently related to that act which fall outside the filing period may be considered for liability . . . ." Lewis v. Norfolk Southern Corp., 271 F. Supp. 2d 807, 812 (E.D. Va. 2003) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)). However, discrete discriminatory acts are immediately actionable unlawful employment practices which are not subject to the continuing violation doctrine. Morgan, 536 U.S. at 113. Discrete discriminatory acts generally relate to an individual's "compensation, terms, conditions, or privileges of

employment", and examples include termination, failure to promote, denial of transfer, or refusal to hire.  See id. at 111-114.[6]

---

[6]The recently enacted Lilly Ledbetter Fair Pay Act of 2009 ("Fair Pay Act"), which concerns discriminatory compensation, does not appear to be applicable to this action, which concerns discrete discriminatory acts other than pay.  See Gentry v. Jackson State University, 610 F. Supp. 2d 564 (S.D. Miss. 2009)(finding that the Fair Pay Act does not alter the legal framework for claims involving discrete discriminatory acts other than pay).  The Fair Pay Act provides:

> For purposes of this section, an unlawful practice occurs, *with respect to discrimination in compensation* in violation of this chapter, when a discriminatory compensation decision or other practice is adopted, when a person becomes subject to a discriminatory compensation decision or other practice, or when a person is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

29 U.S.C. § 626(d)(3) (2009) (emphasis added).  Here, Speer does not allege that he was paid differently from others doing the same work because of his age.  Rather, he asserts that Mountaineer Gas refused to return him to an M&R job because of his age.  This decision is a discrete act. Similarly, Speer does not allege that he received lower payments of LTD benefits than others because of his age, but rather that the decision to terminate his LTD benefits was because of his age.  This, too, is a discrete discriminatory act.  Thus, Speer's age discrimination claim does not appear to constitute a discriminatory compensation action, and the Fair Pay Act does not appear to apply to his case. (For the same reason, it appears that the United States Supreme Court decision in Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618 (2007), which also concerned discriminatory compensation, would not have applied to Speer's claims before the passage of the Fair Pay Act.)  However, even if the Fair Pay Act did apply to Speer's case, dismissal of his age discrimination claims would nevertheless be required in light of the United States Supreme Court's recent decision in Gross v. FBL Financial Services, Inc., No. 08-441, slip op., at 12 (2009) (holding that  ADEA does not permit mixed motive age discrimination claims because ADEA requires age be the but-for cause of the challenged adverse employment action).  Here, Speer has alleged both his age and his union activities as reasons for the allegedly

Here, despite Speer's reliance on the "continuing violation" doctrine, his allegations fail to support its application to this action. Speer alleges that Mountaineer Gas refused to return Speer to work because of his age, and his allegations set forth clearly, if inconsistently, that he last worked on January 29, 2002[7] or September 30, 2001.[8] The refusal to return Speer to work, if the result of age discrimination, is a discrete discriminatory act which occurred no later than January 29, 2002. Accordingly, Speer had 300 days from that date, i.e., until November 25, 2002, to file an EEOC charge of age discrimination. He did not file an EEOC charge within the 300-day period.[9] Therefore, his age discrimination claim for failure to return him to work is time-barred and must be dismissed with prejudice.

Similarly, denial of LTD benefits is a discrete discriminatory act. As such, it does not constitute a continuing violation. Because the decision to deny Speer continued LTD benefits was made on April 4, 2004, the clock began to run on that date. To the

---

discriminatory actions taken by Mountaineer Gas. Therefore, his age discrimination claims are also subject to dismissal on this basis.

[7]See Compl. at 2 ¶ 6 (stating that Speer has not worked since January 29, 2002).

[8]See Compl. at 4 ¶¶ 22-24 (stating that Speer has not worked since September 20, 2001).

[9]In fact, as noted above, Speer filed no EEOC charge as required before filing a civil action under the ADEA.

19

extent that Speer's age discrimination claim is based upon the denial of LTD benefits, he had until January 29, 2005 to file his EEOC charge for wrongful denial of benefits based upon age discrimination. He failed to do this. Therefore, the statute of limitations has run on Speer's age discrimination claim for denial of benefits, and, therefore, his age discrimination claim on that ground must also be dismissed with prejudice.

## V. Conclusion

For the reasons stated above, the motion to dismiss by Mountaineer Gas is GRANTED. In light of this Court's ruling on Mountaineer Gas' motion to dismiss, Speer's motion for extension of time to complete discovery is DENIED as moot. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 28, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE